# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RITA ZAUG,                              )
                                        )
          Plaintiff,              )
                                        )
vs.                                     )    Case No. 05 C 6534
                                        )
JO ANNE B. BARNHART,                    )
Commissioner of Social Security,        )
                                        )
          Defendant.              )

## MEMORANDUM AND OPINION OF ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Rita Zaug has filed suit challenging the Social Security Administration's denial of her claim for child disability benefits. Both sides have moved for summary judgment. For the reasons stated below, the court grants defendant's motion and denies plaintiff's motion.

## Facts

Rita Zaug's father was born on August 5, 1910 and died fully insured on December 24, 1984. R. 49. Zaug was born on May 6, 1938. R. 22, 49. She first filed an application for Social Security child disability benefits in September 2000, at age 62. R. 49. On March 28, 2001, her claim was denied based on a determination that she was not disabled. R. 23.

In June 2001, Zaug submitted a request for reconsideration. Her claim was again denied, this time due not to lack of a disability, but because Zaug had engaged in substantial gainful activity ("SGA") after age 21 and prior to applying for benefits. R. 27-28, 32. Zaug filed a timely request for a hearing by an Administrative Law Judge. R. 34-35. The ALJ ruled against Zaug on August 29, 2002. R. 15-20. Zaug's appeal was subsequently denied, and as a result the

ALJ's ruling became the final decision of the Commissioner of Social Security and subject to judicial review. R. 5-6.

At the hearing before the ALJ, Zaug testified that she had held three jobs after she turned 21. R. 172. Her first job was from 1961 to 1966, as a Braille instructor for adults who had become blind. *Id*. Her second job, from 1966 through 1968, was with the Illinois Department of Mental Health as a substance rehabilitation counselor. R. 173. Zaug testified that the position of counselor was open to the general public, but the only other person in the department with the same duties was also visually impaired. R. 175-76. The third job Zaug held was with the Chicago Board of Education as a "parent interactor" between 1973 and 1982. R. 172. As a parent interactor, she was responsible for showing sighted parents that their visually impaired children were capable of leading normal lives. R. 168. Although Zaug's supervisor was the direct liaison with parents, Zaug also had considerable contact with sighted parents. R. 168.

At the hearing, Zaug testified that she was employed by the Board of Education for a total of nine years and earned, on average, $18,000 per year.[1] R. 167. Zaug held the position of parent interactor until the program was phased out in 1982 for budgetary reasons. R. 168-69. After the program ended, Zaug was offered a full time position teaching sighted children. She rejected the position with the Board of Education because she felt uncomfortable being responsible for sighted children and feared for their safety, even though the other visually impaired parent interactor successfully made the transition to teaching sighted children. R. 169-70.

---

[1] For the years 1979-80 and 1982, FICA records for Zaug show earnings of $19,842, $24,946 and $2,647, respectively, from her job with the Board of Education. R. 59.

**Discussion**

An ALJ's decision must be affirmed if it is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wolfe v. Shalala*, 997 F.2d 321, 322 (7th Cir. 1993). A reviewing court does not reweigh the evidence or substitute its judgment for that of the ALJ. *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999). Substantial evidence is defined as evidence a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401; *Wolfe*, 997 F.2d at 322. The district court may not consider evidence that was not submitted to the ALJ. *Eads v. Sec'y of the Dept. of Health and Human Svcs.*, 983 F.2d 815, 817 (7th Cir. 1993).

To qualify for child disability benefits, an applicant must be unmarried and continuously disabled from age 22 until the time she applies for benefits. 42 U.S.C. § 402(d)(1); *Anderson v. Heckler*, 762 F.2d 455 (8th Cir. 1984); *Futernick v. Richardson*, 484 F.2d 647, 648 (6th Cir. 1973). Disability consists of the inability to engage in substantial gainful activity by reason of a medically determinable medical impairment. 42 U.S.C. § 423(d)(1)(A).

If an applicant engaged in SGA at any time after her 22nd birthday, she is not considered "disabled" and is thus ineligible for benefits. *Anderson*, 484 F.2d at 456. SGA consists of work that involves performing significant physical or mental activities for pay or profit. 20 C.F.R. §§416.972(a), (b); *Smith v. Apfel*, 75 F. Supp. 2d 867, 873 (N.D. Ill. 1999).

A presumption arises that an applicant engaged in SGA if her earnings exceeded a minimum level established by the Social Security regulations. *See* 20 C.F.R. § 404.1574(b)(2)(i)(ii)(1982); *see also, Jones v. Shalala*, 21 F.3d 191 (7th Cir. 1994). The income guidelines create only a presumption; they do not relieve an ALJ of the duty to develop the record fully and fairly regarding the work performed by the claimant. *Dugan v. Sullivan*, 957

F.2d 1384, 1390 (7th Cir. 1992). In addition, the applicant can rebut the presumption by evidence regarding the nature of her work, the adequacy of her performance, and the time she spent in work. 20 C.F.R. § 404.1573(1982); *Jones*, 21 F.3d at 193.

The ALJ ruled that Zaug's work was both substantial and gainful. He first concluded that there was a presumption of SGA based on Zaug's earning levels. Specifically, Zaug exceeded the earnings level required for a blind person to be presumed to be engaging in SGA for the years 1979 and 1980. R. 95. The ALJ also cited Zaug's testimony that her annual earnings for the period from 1973 through 1982 were approximately $18,000 annually, ruling that this, too, created a presumption of SGA. R. 18.

The ALJ rejected Zaug's contention that her work was not substantial, concluding that this contention was based on factual assumptions that were not established in the record. R. 19. The ALJ noted that Zaug's work history reflected she had held three jobs after her 22nd birthday. He also stated that because Zaug's long-term position with the Board of Education resulted in a permanent job offer, it could not be said that her contributions to her employer were insubstantial. *Id*.

The ALJ also rejected Zaug's argument that her work was performed in a circumscribed manner, again citing the absence of any factual support for this contention. *Id*. The ALJ reasoned that in light of Zaug's past work history, the fact that she had a master's degree, and the offer of a permanent position as a teacher, her work involved substantial mental activity and contributed to the needs and functions of her employer and therefore was substantial. *Id*.

In her appeal to this Court, Zaug does not appear to dispute the propriety of the ALJ's determination that there was a presumption of SGA in Zaug's case. Instead, Zaug argues that she rebutted the presumption with evidence regarding the nature of the work she performed and

that the ALJ, in rejecting her arguments, erroneously failed to develop the record fully.

**1.      Substantial evidence**

As noted earlier, the presumption of SGA arising from a claimant's employment can be rebutted by evidence of the nature of her work, the adequacy of her performance, and the time she spent in work.  20 C.F.R. § 404.1573(1982);  *see also Jones*, 21 F.3d at 193.

Zaug contends that her jobs were created specifically for visually-impaired individuals.  R. 138.  The record reflects, however, that substance abuse counselor position was open to the general public, R. 178-79, and that after Zaug's position as a parent interactor was phased out, she was offered a full time position as certified teacher of sighted children.  R. 166-72.  In short, the record supported a finding that Zaug was capable of performing perform jobs that were available to the general public.

Zaug also contends that her parent interactor position was experimental and that because it was phased out in 1982, the inference should be drawn that her work was not substantial.  R. 95. She also contends that there were only ten schools in the Chicago Public School system that had families involved in the program and that under the circumstances, she was not providing counseling to a significant number of people.  R. 95.  The record, however, does not contain evidence about the nature of the program or Zaug's daily activities as a parent interactor.  The decision whether to uphold the ALJ's decision is limited to assessment of evidence that was placed in the record.  *Eads*, 983 F.2d at 817.  It appears to be true, as Zaug states, that her parent facilitator position was phased out.  As noted earlier, however, the record reflects that this was due to budget constraints and that Zaug was offered another position by the Board of Education when she was terminated from the facilitator position .

The ALJ noted that the record contained no indication that Zaug's work was in any way

5

inadequate or that she received negative reviews. R. 19. To the contrary, the ALJ reasonably could infer from the length of Zaug's employment with the Board of Education and her receipt of a job offer after her position was terminated that the Board considered her performance to be satisfactory.

In *Anderson v. Heckler*, 726 F.2d 455, 458 (8th Cir. 1984), the court upheld an ALJ's ruling that a claimant whose employment had resulted in earnings giving rise to a presumption of SGA had not rebutted the presumption. The claimant presented evidence that she worked relatively short periods, interrupted her employment to obtain medical treatment, and was terminated because of her health problems. *Id*. at 458. The Secretary presented evidence that the claimant received above-average work reviews, that she was terminated due to lack of work, and that she was then rehired. *Id*. The court reasoned that although there were conflicts in the evidence, those conflicts were appropriately resolved by the ALJ, not by a court considering the matter on judicial review. *Id*.

The same as true here. As in *Anderson*, the ALJ considered the evidence in the record and reached a reasonable conclusion regarding the weight and effect of that evidence. His decision that Zaug did not rebut the presumption of SGA was supported by substantial evidence.

**2.    ALJ's development of record**

Zaug also contends that the ALJ erred by failing to develop the record. Citing *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000), Zaug argues that the ALJ has a duty to adequately investigate the facts and develop the arguments for and against granting benefits, because Social Security proceedings are inquisitorial rather than adversarial. Specifically, Zaug contends that the ALJ failed to ascertain the exact day-to-day activities associated with her position as parent interactor.

In *Sims*, the issue was whether a reviewing court has jurisdiction to consider issues not raised at the administrative level. The Court held that due to the inquisitorial nature of Social Security proceedings, only administrative and not issue exhaustion need occur before judicial review can take place; an applicant's failure to raise an issue at the administrative level does not result in forfeiture of the issue on judicial review. The role of the ALJ was discussed in that context.

When, as in this case, counsel represents an applicant for Social Security benefits, the ALJ is entitled to assume that the applicant is making her strongest case for benefits. *Glenn v. Secretary of Health and Human Services*, 814 F.2d 387, 391 (7th Cir. 1987). As in *Glenn*, Zaug's counsel did not enter into evidence information regarding Zaug's day-to-day activities even when given the opportunity. The ALJ did, in fact, give Zaug's counsel an adequate opportunity to supplement the record after the hearing. In *Callaghan v. Shalala*, 992 F.2d 692 (7th Cir. 1993), the court held that substantial evidence supported the ALJ's conclusion that claimant had engaged in substantial gainful activity. At the administrative hearing, the ALJ informed the claimant that the record would be left open to allow him to submit tax records showing the extent of his employment activities, but the claimant did not do so. *Id*. at 694. The claimant then challenged, in court, the adequacy of the ALJ's analysis. The court concluded that the claimant's failure to submit evidence caused the purported deficiency, and thus he could not complain of a truncated analysis by the ALJ. *Id*. at 696.

The ALJ in this case likewise allowed Zaug an opportunity to supplement the record with further information. R. 181. The ALJ informed Zaug's counsel that he would entertain any comments that counsel wished to make at the hearing. *Id*. When counsel made no comments, the ALJ advised him that he could submit further information via affidavit and that he would

leave the record open for twenty-five days after the hearing for the submission of affidavits and post-hearing memoranda. R. 184. The ALJ also stated that if Zaug presented significant new evidence, he would consider taking additional testimony. R. 185. Zaug provided no additional evidence even though she was given an adequate opportunity to do so. Under the circumstances, the ALJ did not err in failing to seek any additional evidence or develop the record further on his own.

## Conclusion

For the reasons stated above, the Court grants defendant's motion for summary judgment [docket no. 18] and denies plaintiff's motion for summary judgment [docket no. 21]. The Clerk is directed to enter judgment affirming the decision of the Commissioner of Social Security.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 28, 2006